```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


RODERICK L. REESE,              §
TDCJ-CID #1027930,              §
                                §
            Petitioner,         §
                                §
v.                              §    CIVIL ACTION NO. H-05-2525
                                §
DOUG DRETKE,                    §
                                §
            Respondent.         §
```

**MEMORANDUM OPINION AND ORDER**

Pending before this court is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, filed by Roderick L. Reese, an inmate of the Texas Department of Criminal Justice - Criminal Institutions Division (TDCJ-CID).  After reviewing the pleadings and available state court records, the court will dismiss Reese's habeas petition because it is untimely under the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996.  28 U.S.C. § 2244(d).

## I. Procedural History and Claims

Reese was charged with burglary of a habitation with intent to commit theft.  He pleaded not guilty and was tried by a jury.  The jury found Reese guilty, and he was given a 35-year prison sentence.  State v. Reese, No. 864932 (177th Dist. Ct.,

Harris County, Tex., Feb. 7, 2001).  Reese filed an appeal, and the Court of Appeals for the First District of Texas affirmed the conviction.  <u>Reese v. State</u>, No. 01-01-00275-CR, 2002 WL 1435983 (Tex. App. -- Houston [1st Dist.] July 3, 2002, pet. ref'd).  Reese then filed a petition for discretionary review (PDR), which was refused by the Texas Court of Criminal Appeals on January 15, 2003. <u>Reese v. State</u>, No. PD-1397-02.  <u>See also</u> Texas Court of Criminal Appeals Website (http://www.cca.courts.state.tx.us/).  No further action was taken on direct appeal.  No state application for a writ of habeas corpus was filed.  See Petition, Docket Entry No. 1, at page 3, answer to #10.

The pending federal petition is considered filed on July 7, 2005, the date of Reese's signature and the earliest possible date he could have given the petition to a TDCJ-CID official for delivery to this court.  <u>Sonnier v. Johnson</u>, 161 F.3d 941, 945 (5th Cir. 1998); <u>Spotville v. Cain</u>, 149 F.3d 374, 378 (5th Cir. 1998).

Reese raises the following claims in his federal petition:

1. Reese was denied effective assistance of counsel due to his attorney's failure to investigate potential witnesses.

2. The prosecutor engaged in misconduct by making improper comments during the trial, by withholding exculpatory evidence, and by knowingly presenting false evidence to the grand jury and the trial jury.

3. There was insufficient evidence to support the finding of guilt.

    4.    Reese is actually innocent of the crime of burglary of a habitation.

## II. <u>One-Year Statute of Limitations</u>

Reese's habeas petition is subject to the AEDPA provisions, which restrict the time in which a state conviction may be challenged because the petition was filed after April 24, 1996, the date the AEDPA was enacted. <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198 (5th Cir. 1998). Under the AEDPA federal habeas petitions that challenge state court judgments are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

The court is authorized to make a determination regarding timeliness of the petition before ordering the State to use its limited resources to answer it.  See Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999).

As stated above, Reese's PDR was refused on January 15, 2003. Reese's conviction became final on April 15, 2003, the last day he could have filed a petition for a writ of certiorari with the United States Supreme Court.  Flanagan, 154 F.3d at 197, citing Caspari v. Bohlen, 114 S.Ct. 948, 953 (1994); see also Motley v. Collins, 18 F.3d 1223, 1225 (5th Cir. 1994).  Therefore, Reese had until April 15, 2004, to file his federal petition for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1)(A).

Reese's federal habeas petition was not filed until July 7, 2005, more than 14 months after the expiration date of the one-year statute of limitations period.  Reese has not shown that he was subject to state action that impeded him from timely filing his federal habeas petition.  28 U.S.C. § 2244(d)(1)(B).  There is no showing of a newly recognized constitutional right upon which Reese's petition is based; nor is there a factual predicate of the claims that could not have been discovered before the challenged

-4-

conviction became final.  28 U.S.C. § 2244(d)(1)(C), (D). Therefore, this action is subject to dismissal because it is untimely.  28 U.S.C. § 2244(d)(1)(A).

### III.  Certificate of Appealability

A certificate of appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  Beasley, at 263, quoting Slack, 120 S.Ct. at 1604; see also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000).  A

district court may deny a certificate of appealability, <u>sua sponte</u>, without requiring further briefing or argument.  <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000).  The court has determined that Reese has not made a substantial showing that reasonable jurists would find the court's procedural ruling to be debatable.  Therefore, a certificate of appealability from this decision will not be issued.

## IV.  Conclusion

Accordingly, the court **ORDERS** the following:

1. The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice** because it is untimely.  28 U.S.C. § 2244(d).

2. A certificate of appealability is **DENIED**.

3. The Clerk will provide a copy of this Memorandum Opinion and Order dismissing this action to the petitioner, and will provide a copy of the petition and this Memorandum to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 22nd day of August, 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE