```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                   HOUSTON DIVISION
```

| | | |
|---|---|---|
| RODERICK L. REESE, § | | |
| TDCJ-CID #1027930, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v.  § | CIVIL ACTION NO. H-05-2525 | |
| § | | |
| DOUG DRETKE, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

This habeas action was dismissed as untimely pursuant to the provisions of 28 U.S.C. § 2244(d). The court noted that petitioner Reese did not assert that he filed a state application for a post-conviction writ of habeas corpus. The court also noted that Reese's federal habeas petition was filed on July 7, 2005, more than 26 months after his conviction became final on April 15, 2003, and more than 14 months after the expiration of the one-year statute of limitations period. See Memorandum Opinion and Order dismissing petition, Docket Entry No. 3, page 4.

Reese has filed a motion under FED. R. CIV. P. 60(b) claiming that he did file a state post-conviction habeas application under TEX. CODE CRIM. PRO. art. 11.07. He further alleges that TDCJ-CID officials wrongfully confiscated his legal materials on February 4,

2003, and thereby delayed his efforts in filing his state habeas application until they were returned to him on January 5, 2004. Reese contends that because he was deprived of his materials, he had until January 29, 2005, to file for habeas relief. He alleges that he mailed his state habeas application from the prison on December 30, 2004. He further contends that the state habeas application was pending from that date under the "mailbox rule" until he received notice on July 5, 2005, that his state habeas application had been denied on June 29, 2005. In short, Reese argues that his federal petition for a writ of habeas corpus is timely due to the tolling effect of the state habeas application and the confiscation of his legal materials.

The court has verified that a state post-conviction application was filed under Article 11.07 challenging the conviction in question. See <u>Ex parte Rodrick [sic] Reese</u>, No. WR-61,370-01 (Tex. Crim. App. June 29, 2005), Website for the Texas Court of Criminal Appeals (http://www.cca.courts.state.tx.us/). However, Reese is incorrect regarding the dates the state application was pending with regard to timeliness under federal habeas law. See <u>Coleman v. Johnson</u>, 184 F.3d 398, 402 (5th Cir. 1999). The "prison mailbox rule" has not been extended to state habeas applications for tolling purposes. <u>Id.</u> The court has verified by telephone with the Harris County District Clerk's Office that Reese's state habeas application was filed on

January 5, 2005. According to Reese's own allegations, he had no more than one day left to file a federal petition for a writ of habeas corpus.

Moreover, a state habeas application is not "pending" during the period between the date that the application is denied and the date that the petitioner is notified of the denial. See Crutcher v. Cockrell, 301 F.3d 656, 658 n.9 (5th Cir. 2002). Therefore, the tolling ceased when the Texas Court of Criminal Appeals denied the application on June 29, 2005. Reese waited for more than a week before filing his federal habeas petition on July 7, 2005.

Reese fails to show that he was actually prevented from filing a timely habeas challenge to his state court conviction, which became final on April 15, 2003. Consequently, the court will examine the facts to see if Reese is entitled to equitable tolling. See Coleman, 184 F.3d at 402. In a prior section 1983 prisoner civil rights action Reese raised this same allegation -- that he was denied access to the courts when TDCJ-CID officials confiscated his legal materials. Reese v. Chaney, No. H-03-2269 (S.D. Tex. May 19, 2004). The district court conducted a Spears hearing on December 16, 2003, and specifically held that the state officials had taken no action to prevent Reese from filing his state habeas application. Id. at 11. The court found that Reese and the prison officials were in a dispute over the excessive amount of legal materials that Reese was keeping in his cell in violation of TDCJ-

CID regulations.  Id. at 8.  The court also noted that "Reese had access to his criminal trial records, and [] that he had prepared a draft of a state habeas application."  Id. at 11.  The court further warned Reese to file his state application and federal petition as soon as possible.  Id.  Reese's access to courts claim was dismissed as frivolous because Reese did not present facts demonstrating that anyone had interfered with his efforts in seeking relief in the state courts.  Id. at 8.

Equitable tolling is applied to extend the AEDPA's one-year limitations period only in "rare and exceptional" circumstances. Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir. 1999).  It is used where a petitioner has been actively misled by the courts or the prosecution or has been prevented from pursuing his remedies in some extraordinary way.  Alexander v. Cockrell, 294 F.3d 626 (5th Cir. 2002); Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999).

Reese's history of filing complaints in federal court makes it clear that he maintains an antagonistic relationship with TDCJ-CID officials.  See, e.g., Reese v. Chaney, No. H-03-2269; Reese v. Chaney, No. H-03-3862 (S.D. Tex. June 24, 2004) (destruction of legal papers, conspiracy, etc.); Reese v. Cockrell, No. H-03-700 (S.D. Tex. Mar. 25, 2003).  It is also evident that Reese has not been prevented from filing suits, and that he is often responsible for his own difficulties.  Id.

With regard to the habeas challenge before this court, Reese has not shown that he has faced any real impediment to filing a timely challenge.  He previously admitted that he had access to his criminal court records, and he was aware during December of 2003 that he was facing a deadline for filing a federal habeas petition. Reese v. Chaney, No. H-03-2269, Docket Entry No. 24, at 11. Despite this knowledge, Reese waited until December 30, 2004, before mailing his state habeas application.  Reese's decision to delay the filing of his state application weighs against tolling, particularly after he had been warned to seek relief as soon as possible.  Ott v. Johnson, 192 F.3d 510, 514 (5th Cir. 1999). Therefore, the court will not grant Reese's motion.

Reese also filed a Notice of Appeal the same day he filed his Rule 60(b) motion.  Therefore, this court no longer has jurisdiction over this action and cannot grant Reese's request for relief. Rutherford v. Harris County, 197 F.3d 173, 190 (5th Cir. 1999).

Although Reese has filed a Notice of Appeal, he has not paid the filing fee ($255.00), nor has he filed a proper Application to Proceed In Forma Pauperis with his signature.

Accordingly, it is **ORDERED** that the Clerk shall file Reese's notice of appeal without prepayment of the appellate filing fee. It is further **ORDERED** that the Clerk shall forward to Reese an Application to Proceed In Forma Pauperis, and that Reese must, within thirty days of the date of this Memorandum Opinion and

Order, submit either the filing fee of $255.00 or a completed Application to Proceed In Forma Pauperis, together with a certified inmate trust fund data sheet, for this appeal to proceed. An officer in Reese's prison law library will provide the trust fund data sheet.

The Rule 60(b) Motion (Docket Entry No. 6) is **DENIED**.

**SIGNED** at Houston, Texas, on this 14th day of November, 2005.

```
                                    _____
                                              SIM LAKE
                                    UNITED STATES DISTRICT JUDGE
```